STATE OF FLORIDA, ex rel., H. M. FARRIOR, *Plaintiff in Error*, v. J. H. FAULK, Chairman, J. M. McFATTER, J. T. HIGHTOWER, H. FUSSELL and DAVID YATES, members of the Board of County Commissioners of Washington County, Florida, and the Board of County Commissioners of Washington County, Florida, *Defendants in Error*.

136 So. 601.

En Banc.

Opinion filed August 10, 1931.

*J. N. Daniel,* for Plaintiff in Error;

*Howard S. Bailey,* for Defendants in Error.

BUFORD, C.J.—The record in this case shows that in the month of June, 1928, one Melvin Barfield was convicted of the crime of petit larcency and was sentenced by the County Judge's Court of Washington County, to pay a fine of $50.00 and costs and in default of the payment of such fine, to be committed to and confined in the county jail of the said county at hard labor for the period of four months; that a commitment was issued for Barfield directed to the sheriff, commanding the sheriff to convey Barfield to the county jail and deliver him to the keeper thereof, who was thereby required to receive the said Barfield in the said jail and safely keep him until the judgment of the court was satisfied, or until he should have been discharged by due course of law. That Barfield was delivered to the

keeper of the jail and by him in due course was delivered to the warden of county convicts to serve his sentence at hard labor on the public roads of such county in conformity with the law in that regard. That on July 25th, while Barfield was being worked on the roads in said county he escaped and fled the county. The sheriff discovered that Barfield was in Pasco County about the 9th of December, 1930; that the sentence and judgment imposed upon Barfield was still in force and unsatisfied and that the sheriff had Barfield arrested in Pasco County and went to Pasco County and returned Barfield to the county prison. He presented a bill for his costs.

The County Commissioners of Washington County refused to pay the cost bill upon the ground that the sheriff was without authority to cause the arrest of Barfield in Pasco County and reconvey him to the county prison in Washington County. The sheriff brought mandamus proceedings to compel the County Commissioners to pay the bill for costs. The County Commissioners defended the suit upon the theory:

"That at the time of the escape of the said Melvin Barfield from the county convict camp of Washington County, Fla., as set forth above, he was not in the actual or constructive custody of the sheriff of Washington County, Florida, but was in the actual custody of the captain of convicts of said county; that upon obtaining a receipt from the captain of convicts for said Melvin Barfield, and upon the delivery of said Melvin Barfield to said captain of convicts, and upon the surrender and delivery to said captain of convicts of the commitment under which petitioner was holding said Melvin Barfield, the petitioner lost all right to the custody of the said Melvin Barfield, and the delivery of said Melvin Barfield to said captain of convicts set forth above constituted a lawful discharge of said Melvin Barfield from the custody of petitioner; that upon the apprehension of the said Melvin Barfield by the authorities of Pasco County, Florida, it was not then and there the duty of said petitioner to transport said escaped con-

vict back to this county, but it was the duty of one Dan Bruner, successor to W. C. Hickman as the duly employed and qualified captain of convicts of said county, who had the sole right to the custody of said Melvin Barfield, to transport the said Melvin Barfield from Pasco County, Fla., to this county.''

On final hearing motion for peremptory writ was denied and the peremptory writ of mandamus was refused and petition was dismissed at petitioner's cost. To this order writ of error was taken. Under the facts as set forth in the petition as shown by the record the sheriff was without authority to pursue Barfield, re-arrest him and return him to prison, and, therefore, there was no error in the judgment of the court in refusing to issue the peremptory writ of mandamus and in dismissing the petition.

There is no statute in this State authorizing the sheriff, or anyone else, to pursue an escaped county convict after the escape is complete, re-arrest him and return him to the county prison to serve his sentence. Neither is there any statute denouncing as a criminal offense the escape or prison breach by a county convict.

Because there has been no abrogation or modification by statute in this regard, the common law applies. Under the common law the custodian of a person was held criminally liable for the escape of such prisoner, if he suffered the prisoner to get beyond his custody and control and we find no abridgment in our statutes of this common law provision. Therefore, it is the duty of the legal custodian of a prisoner to maintain his custody of such prisoner and if the prisoner attempts to escape to pursue him and use every lawful means to recapture and return him to prison so long as he does not lose sight of the prisoner. 1 Hale, Pleas of the Crown 602; 2 Hawkins, Pleas of the Crown, chapter 19, sections 6 and 13.

When once the prisoner has succeeded in getting beyond the custody of and out of sight of the custodian the escape is complete and thereupon the prisoner is guilty of a com-

mon law escape or prison breach. At common law escape or prison breach was a crime of the same degree and was punishable in the same degree as the offense of which the convict stood adjudged guilty. 4 Blackstone Commentaries 130; 2 Hawkins, Pleas of the Crown, chapter 19, section 22, et seq.

The offense of escape may be committed by the custodian who being in lawful custody of the prisoner voluntarily or negligently suffers him to depart, or it may be committed by the prisoner himself. Escape presupposes actual lawful custody which may be legally terminated only upon the death of the prisoner or discharge by due process of law. In other words, before one may be charged with the offense of escape, it must be shown that at the time of the alleged escape the prisoner was held in lawful custody on a valid charge of a criminal offense or upon a conviction of a criminal offense.

It appears, therefore, that when a county convict escapes from custody to which he has been lawfully committed that the custodian of such convict, or any other person with a knowledge of the facts, may by making proper affidavit in a court of competent jurisdiction procure a warrant for the arrest of the person who has escaped or committed a prison breach upon the charge of escape under the common law; and that when the sheriff or other officer is armed with this warrant he may arrest such escaped county convict wherever he may be found and lawfully arrest and return him to prison to answer the charge of escape, in which case the sheriff will be entitled to fees as in any other case for the arrest and transportation of prisoners.

For the reasons stated, the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD AND BROWN AND DAVIS, J.J., concur.