Ida Ringling North and John North, as Executors of the Last Will and Testament of John Ringling, deceased, v. Emily Ringling.

182 So. 582.

Opinion Filed July 6, 1938.

*John F. Burket,* for Appellants;

*Milam, McIlvaine & Milam,* for Appellee.

By the Court.—The bill of complaint here seeks to foreclose a chattel mortgage given by John Ringling and wife to Emily Ringling for a large sum of money borrowed prior to marriage and evidenced by a promissory note signed by John Ringling and chattel mortgage signed by John Ringling and wife. The suit was filed in Sarasota County, Florida, September 16, 1937. The bill is in the usual form.

Two motions were filed, with notice thereof had on counsel for appellants, to dismiss the bill of complaint; one by Ida Ringling North, one of the Executors of the Will of John Ringling, deceased, and the other motion by another Executor of the Will. The ground for dismissing the bill of complaint is that the same is without equity. The lower court denied each of the motions to dismiss and ordered the defendants to plead or answer on a day certain.

From this order the case was appealed to this Court and the order assigned as error.

The motion here is to quash and dismiss the appeal because it is against good faith, seeks a delay and is frivolous.

This Court under Section 4369 C. G. L., has the power to quash proceedings in error in all cases when taken merely for the purpose of delay, and it is further authorized thereby to decree damages not to exceed ten per cent. against the plaintiff when these dilatory proceedings enumerated therein are resorted to. In the case of Willey v. Hoggson, 89 Fla. 446, text p. 456, 105 So. 126, this Court had before it Section 4639, *supra,* when it said:

"It is not the purpose of Sections 2920 and 3173, Revised General Statutes of 1920, to require the court upon motions to quash, based upon the ground that the proceedings are taken merely for delay, to enter into an examination of or decide doubtful or debatable questions properly raised by the assignments of error, but its purpose is to enable the court to quash such proceedings where the assignments of error are so plainly and palpably without merit as to lead to the conclusion that the proceedings were taken merely for delay. The absence of error in the proceedings must be apparent upon a short and cursory examination of the record, requiring no investigation of authorities nor argument to show the untenableness of the assignments of error. If there are doubtful or debatable questions of law or fact, raised by the assignments of error, the court will not investigate or decide them upon motions of this character, but will hold the case for hearing in its regular order upon the docket. Holland v. Webster, 43 Fla. 85, 29 South. Rep. 625."

See Walker v. American Agr. Chemical Co., 83 Fla. 153, 90 So. 696.

We have examined the record in the case at bar and find no doubtful or debatable questions of fact or law raised by the assignments of error, and after becoming convinced that the assignments in this Court are so plainly and palpably without merit that they impel the conclusion that the appeal herein was taken for the purpose of delay. The motion to quash and dismiss the appeal is hereby granted.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., concurs in the conclusion.