SILAS MOORE v. ALEX LITTLEFIELD, as Sheriff of Volusia County, Florida.

14 So. (2nd) 902                                          June Term, 1943
September 14, 1943                                        Division A

*M. S. McGregor,* for appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

CHAPMAN, J.:

The record in this case discloses that Silas Moore, the appellant, was tried in a Justice of the Peace Court of Volusia County, Florida, and convicted of the offense of assault and battery. He was sentenced on December 10, 1941, to pay a fine of $100.00 and costs taxed at the sum of $28.36, and in default thereof that he be confined to the County Jail of Volusia County for a period of six months subject to the orders of the Board of County Commissioners of Volusia County. The fine and costs were not paid and a commitment issued and on December 29, 1941, the appellant escaped, having served but a few days of his six months sentence. On March 8, 1943, he was captured and returned to the County Jail of Volusia County to serve the remainder of the imposed sentence.

In a habeas corpus proceeeding instituted in the Circuit Court of Volusia County, he contends that the time of his sentence began to run on December 10, 1941, and expired six months thereafter and the time having elapsed, the authorities are without power to further deprive him of his liberty under the sentence and commitment issued against him by the Justice of the Peace of Volusia County on December 10, 1941. The order of the circuit court remanded him to custody to serve the remainder of the sentence. He has appealed therefrom to this Court.

Counsel for appellant pose for adjudication the question viz: when a county convict escapes from custody from which he has been lawfully committed and remains at large for more than a year, may he be re-arrested and returned to the county jail to serve the remainder of the sentence? Counsel cited and relies upon for reversal of the judgment of the lower court but one case viz: State ex rel. Farrior v. Faulk, 102 Fla. 886, 136 So. 601, which we have carefully considered.

In the case of State v. Horne, 52 Fla. 125, 42 So. 388, we held that it was not necessary for a court when fixing the punishment to fix the beginning and ending of the period during which the imprisonment shall be suffered. The essential portion of the sentence is the punishment, including the kind and amount. The time when the sentence shall be executed is not material. Expiration of the time without imprisonment is in no sense an execution of the sentence. This rule was reaffirmed in Brooke v. State, 99 Fla. 1275, 128 So. 313. See Lake v. McClelland, 101 Fla. 536, 134 So. 522; State ex rel. Libtz v. Coleman, 149 Fla. 28, 5 So. (2nd) 60; 15 Am. Jur. pp. 160-2, par. 512; 24 C.J.S. p. 164, par. 1611.

We fail to find error in the record and, accordingly, the judgment appealed from is hereby affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.