SEBRING, Justice.
On February 16, 1945, the Judge of the Criminal Court of Record of Duval County, Florida, imposed the following sentences of imprisonment, in four different criminal cases, against the petitioner:
Case No. 24748: Five years in the State Prison, for the crime of escape from the County jail of Duval County, Florida.
Case No. 24747: Three years in the State Prison, for the crimes of breaking and entering with intent to commit grand larceny, and grand larceny, “the sentence *658 and judgment herein and now imposed [to] begin to run from the date of completion of the former sentence above referred to [in case No. 24748] unless the former sentence shall be sooner abated or for any cause vacated, whereupon the sentence here imposed shall then begin * *
■Case No. 24783: Three years in the State Prison for the crimes of breaking and entering with intent to commit grand larceny, and petit larceny, “the sentence and judgment herein and now imposed [to] begin to run from the date of completion of the former sentence above referred to [in case No. 24747] unless the former sentence shall be sooner abated or for any cause vacated, whereupon the sentence here imposed shall then begin * *
Case No. 24784: Five years in the State Prison for the crime of larceny of a motor vehicle, “the sentence and judgment herein and now imposed to begin [to] run concurrently with the former sentence above referred to [in case No. 24748].”
On June 10, 1953, the petitioner instituted a habeas corpus proceeding in the Circuit Court of Bradford County to secure his release from prison; alleging in his petition that he was being illegally held and imprisoned under the 5-year sentence imposed in Case No. 24748, because of the fact that there is no statute or law in Florida specifically providing a penalty for the crime of escape from a county jail and consequently such an escape amounted only to a common law crime for which the penalty can not exceed a fine of $500' or imprisonment of not more than 12 months in the county jail.
The custodian of the State Prison answered the writ of habeas corpus issued consequent upon the petition filed by the petitioner and in his return averred that he held the petitioner in custody not only by virtue of the commitment issued in Case No. 24748, but also by virtue of commitments issued pursuant to the several sentences imposed in 'Cases No. 24747, 24783 and 24784, respectively; that consequently the detention of the petitioner was not unlawful because the full terms of imprisonment provided for by said sentences had not been served.
At final hearing the trial court sustained the position of the prison custodian and rendered a judgment remanding the petitioner to custody. Subsequently, the petitioner appealed from the judgment of remand assigning as ground of error the refusal of the trial court to release and discharge the petitioner from custody.
The State of Florida has filed a motion in this court to dismiss the appeal on the ground that it is wholly without merit. The petitioner has filed a full and elaborate brief in the cause in opposition to the motion and has presented his views in oral argument. The matter is now before this Court for decision.
It is a rule of long standing in this ■Court that a motion to dismiss an appeal on the sole ground that it is frivolous should not be granted unless it can be determined from a short and superficial examination of the record that the assignments of error are so palpably without merit as to lead to the reasonable conclusion that the appeal was taken merely for delay. Williams v. State ex rel. Nuccio, 97 Fla. 876, 122 So. 523; Ruff v. Guaranty Title, etc. Co., 99 Fla. 197, 126 So. 383; North v. Ringling, 133 Fla. 117, 182 So. 582; Ford v. Ford, 144 Fla. 631, 198 So. 205.
Where a superficial examination of the records and briefs fails to show that an appeal is wholly devoid of merit but reveals that questions are presented which may be considered debatable, the court should deny the motion and then either hold the case for hearing in its regular order upon the docket, Anderson v. Hardesty, 99 Fla. 1347, 128 So. 851; Willey v. Hoggson Corp., 89 Fla. 446, 105 So. 126; Walker v. American Agri. Chemical Co., 83 Fla. 153, 90 So. 696; Holland v. Webster, 43 Fla. 85, 29 So. 625; Twyman v. Roell, 120 Fla. 141, 162 So. 343; or proceed to an adjudication on the merits, where briefs have been filed, arguments in respect to the merits have been had, and no reason can be *659 perceived for deferring the consideration of the case longer. Roberts Bros. v. Langford, 99 Fla. 1268, 128 So. 810; Green v. Cook, 102 Fla. 837, 136 So. 454; Knabb v. Mabry, 134 Fla. 244, 183 So. 748.
It cannot be said from a cursory examination of the record that the appeal is so devoid of merit that it presents no fairly debatable question with reference to the propriety of the judgment that was entered by the trial court. We are of opinion, therefore, that the motion to dismiss the appeal should be denied and that the appeal should be decided upon its merits. Accordingly, that course will now be followed.
The attorney general has conceded, in his motion to dismiss, that the sentence imposed in Case No. 24748 was wholly and totally void, for the reason that the maximum sentence that could have been lawfully imposed for the offense of escape from a county jail could not have been more than $500 fine or more than 12 months imprisonment in the county jail. We agree with the conclusion reached in this particular by the attorney general. See State ex rel. Farrior v. Faulk, 102 Fla. 886, 136 So. 601; Helton v. Mayo, 153 Fla. 616, 15 So.2d 416; sections 775.01, 775.02 and 775.06, Florida Statutes, 1951, F.S.A.
It is upon the concession made by the attorney general that the sentence imposed in Case No. 24748 was void, that the petitioner bases his contention that the judgment of remand should be reversed because of error. He asserts his contention thusly: The sentence in Case No-. 24748 being void from the beginning, the sentence in Case No. 24747 began to run the moment the petitioner was confined in the State Prison; for the conditions of the sentence in Case No. 24747 were that the imprisonment for said sentence should begin to run at the completion of the sentence in Case No. 24748 unless the sentence was “sooner abated or for any cause vacated, whereupon the sentence here imposed shall then begin.” The petitioner served hig 3-year sentence in Case No. 24747 and at its conclusion the 3-year sentence imposed in Case No. 24783 commenced, which the petitioner served; making a period of 6 years’ service for the consecutive sentences imposed under Cases No. 24747 and 24783, respectively. Inasmuch as the 5-year sentence in Case No. 24784 expressly provided that it should begin to run concurrently with the sentence that was imposed in Case No. 24748, and that was conceded by the attorney general to be void, this latter sentence was also void because it was conditioned to run concurrently with the void sentence in Case No. 24748 and consequently there was nothing to which it was attached, or, if not void, began to run concurrently with the consecutive sentences imposed in Cases No. 24747 and 24783, respectively; in which latter event, all sentences had been completely served at the time the petitioner applied for his writ of habeas corpus.
We find ourselves unable to agree with the contention advanced by the petitioner. As we view the matter, the condition in the 5-year sentence in Case No. 24784 prescribing that it should run concurrently with the 5-year sentence for escape in Case No. 24748, was wholly ineffective and should be regarded as surplus-age. This is so for the reason that the void sentence for escape was legally unauthorized and consequently was non-existent at the time of the imposition of the sentence in Case No. 24784. Johnson v. State, 157 Fla. 685, 27 So.2d 276; House v. Mayo, D.C.Fla., 81 F.Supp. 663. And inasmuch as it is not legally possible to serve a valid sentence concurrently with a void sentence which is nonexistent, Helton v. Mayo, supra, the provisions of section 921.16, Florida Statutes 1951, F.S.A., became applicable, which provide: “Sentences of imprisonment for offenses not charged in. the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently.”
From the conclusion reached it follows-that the petitioner was required by the sentences imposed in Cases No. 24747 and 24783 to serve two consecutive terms of three years each and thereafter to serve- *660 the S-year sentence imposed in Case No. 24784. This he has not done and consequently his application for release under the writ of habeas corpus was premature.
The judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.