385 So.2d 698 (1980)
Louis Phillip AYENDES, Appellant,
v.
STATE of Florida, Appellee.
No. NN-466.
District Court of Appeal of Florida, First District.
June 19, 1980.
Rehearing Denied July 18, 1980.
Michael J. Minerva, Public Defender, Louis G. Carres and Harold Long, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
This case is before us upon appeal from a conviction and sentence on two counts of attempted kidnapping. We find that appellant's conduct was within the intended purview of § 787.01, Florida Statutes, and affirm the judgment appealed.
*699 Appellant was incarcerated at Union Correctional Institution, near Raiford, Florida, until his escape on November 27, 1978. After evading authorities for approximately 24 hours, appellant armed himself with a wooden fence picket and entered a dwelling, occupied by an elderly female and her adult son, in the town of Raiford. Appellant commanded that the occupants not "get up" or move, and secured possession of a firearm which was on the premises. After making a phone call in an attempt to obtain transportation away from Raiford, with the eventual purpose of fleeing to Mexico, appellant waited on the outside porch with the male occupant. This witness testified that he never consented for the appellant to be in his dwelling and that he was required to always remain in the appellant's presence. After approximately one hour, appellant was apprehended by local law enforcement officials.
The charge in this case was attempted kidnapping with the intent to facilitate the commission of escape from prison. Kidnapping, as defined in § 787.01, Florida Statutes, includes "confining ... or imprisoning another person against his will and without lawful authority, with intent to ... facilitate commission of any felony." § 787.01(1)(a)2, Florida Statutes. Appellant argues that the circumstances of this case involve an insubstantial confinement not within the intended purview of § 787.01. We conclude, however, that the intended temporal duration of appellant's conduct (for the apparent purpose of taking one victim with him for an extended time, and actual confinement of over one hour), with the degree of control maintained over the victims, constitutes confinement sufficiently substantial to be within the statutory prohibition of an attempt to kidnap as defined by § 787.01.
Appellant also argues that at the time of the confinement in question his escape had been completed, and therefore he was not facilitating the commission of the escape. While an escape is technically completed upon an inmate's intentional act of leaving the established area of custody, Watford v. State, 353 So.2d 1263 (Fla. 1st DCA 1978), the appellant in the present case was still in geographical proximity to the prison, had not abandoned his flight, and was attempting to secure transportation from the area. Those facts support a conclusion that the victims' confinement was intended to facilitate the continuing escape within the statutory prohibition of § 787.01(1)(a)2. We note that this case is unlike Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980), in that the present case involves confinement which was of more than minimal duration, was not inherent in the nature of the felony of escape, and was clearly intended to lessen the risk of detection for an extended time, thus having significance independent of the related felony.
The judgment appealed is accordingly affirmed.
ROBERT P. SMITH, Jr., and ERVIN, JJ., concur.