441 So.2d 704 (1983)
Ernest CRAFT, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 83-766.
District Court of Appeal of Florida, Second District.
December 7, 1983.
*705 Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and M. Ann Garrison, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
The issue presented for our consideration is whether the trial court committed reversible error by denying the appellant's motion to sever trial on the offense of possession of a firearm by a convicted felon from trial on two other charges. We find that the trial court did err in this regard.
The charges arose from the following scenario: Ernest Craft, Jr. was arguing with several individuals. He produced a firearm from his pocket and pointed it at James Williams and Cecil Johnson. The police were called to the scene. The officers found Craft as well as the firearm, and Craft was arrested.
In January 1983, Craft was charged by information with aggravated assault with a firearm, carrying a concealed firearm, and possession of a firearm by a convicted felon. Prior to the start of his jury trial, Craft moved for severance of the possession charge. The trial court denied this motion. The jury found Craft guilty of improper exhibition of a dangerous weapon (a lesser included offense to the aggravated assault with a firearm charge), carrying a concealed firearm, and possession of a firearm by a convicted felon.
In order to obtain a conviction for possession of a firearm by a convicted felon, the state must prove that the individual charged is in fact a previously convicted felon. See Ferguson v. State, 379 So.2d 163 (Fla. 3d DCA 1980); Dowling v. State, 210 So.2d 280 (Fla. 2d DCA 1968). Here, evidence was introduced from which the jury could properly conclude that Craft had been convicted of a felony.
Craft has argued to this court that the probative value of the evidence necessary to prove that he was a convicted felon was outweighed by the prejudice which would be inherent during a single trial on all the charges. Craft thus concludes that severance of the charge of possession should have been ordered. See Fla.R.Crim.P. 3.152(a)(2).
The state has responded that the motion to sever was untimely as it was made immediately prior to the commencement of the trial, and severance is a discretionary matter for the trial court. Crum v. State, 398 So.2d 810 (Fla. 1981).
The Florida Supreme Court has recently discussed requests for severance where one of the offenses charged is possession of a firearm by a convicted felon. In State v. Vazquez, 419 So.2d 1088 (Fla. 1982), our high court stated that a "severance should be granted liberally when prejudice is likely to flow from refusing the severance." Id. at 1090. As proof of a prior felony conviction was (and is) a necessary element to the possession charge, and that proof was irrelevant in proving the other charges lodged against Vazquez, the court concluded that the introduction of evidence concerning the prior felony conviction was unfairly prejudicial to Vazquez during a joint trial on all charges. Id. at 1091. Severance should have been granted. See also Thomas v. State, 440 So.2d 581 (Fla. 1983); Orr v. State, 380 So.2d 1185 (Fla. 5th DCA 1980).
Although the firearm was a basis for each of the charges filed against Craft, proof of the prior felony conviction was only relevant on the possession charge. Proof of the earlier conviction was neither relevant nor admissible in proving the other two charges. Orr v. State, supra. Proof of the prior felony conviction was unfairly prejudicial to Craft by depriving him of the presumption of innocence as to the other charges. Vazquez v. State, supra. Severance of the trial on the possession charge *706 should have been granted; the trial court abused its discretion in denying the motion for severance.
The conviction for possession of a firearm by a convicted felon need not be reversed, and is hereby affirmed. Vazquez v. State, supra. However, as severance should have been granted, the convictions for carrying a concealed firearm and improper exhibition of a dangerous weapon are hereby reversed and remanded for a new trial.[1]
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
SCHEB, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] We note that appellant may not be retried for aggravated assault with a firearm. The conviction for improper exhibition of a dangerous weapon, a lesser included offense of aggravated assault with a firearm, acts as an acquittal of the aggravated assault charge and bars retrial on the latter charge. United States v. Larkin, 605 F.2d 1360 (5th Cir.1979), on reh'g, 611 F.2d 585 (5th Cir.), cert. denied, 446 U.S. 939, 100 S.Ct. 2160, 64 L.Ed.2d 793 (1980); Chikitus v. State, 373 So.2d 904 (Fla. 1979); Hicks v. State, 414 So.2d 1137 (Fla. 3d DCA 1982). Retrial of the conviction for improper exhibition of a dangerous weapon is, of course, permissible.