SHIVERS, Judge.
Ricks appeals the denial without hearing of his Fla.R.Crim.P. 3.850 motion. We reverse.
The issue raised in the 3.850 motion was that the defendant’s sentence, imposed in Wakulla County, was not imposed concurrent to a pending probation violation charge in Columbia County. Ricks alleged as his ground:
Before entering my plea, my attorney informed me that an agreement was made with the state’s attorney whereby if I pled guilty I would receive a ten (10) year sentence to run concurrent with charges (violation of probation, Columbia County) pending.
The ten (10) year sentence imposed did not stipulate this. It was my understanding that any conviction from my guilty plea would run concurrent with other charges pending.
In denying Ricks’ motion and motion for rehearing, the trial court did not attach any portion of the files or records which would conclusively show entitlement to no relief.
Rule 3.850 states that when a motion is legally insufficient it is unnecessary for the circuit court to attach documentation to the order. In the present case, Ricks’ contention was that he was entitled to a sentence concurrent to a pending violation in which he anticipated a sentence.
This ground is legally insufficient. Under § 921.16(2), Fla.Stat., (1981) the court may impose a sentence concurrent with another sentence for an offense contained in a separate charging instrument. However, the statutory language infers that there must be an existing sentence to impose a sentence concurrent thereto. See Richardson v. State, 432 So.2d 750 (Fla. 2d DCA 1983). It is not possible to serve a sentence concurrently with a sentence not in existence. See Ex Parte Sams 67 So.2d 657 (Fla.1953).
However, Ricks does state a legally sufficient ground in that it appears the plea may have been based upon a failure of communication or misunderstanding of the facts. Richardson v. State, supra, Brown v. State, 245 So.2d 41 (Fla.1971).
Therefore, this case is remanded to the trial court for supplementation of the order with portions of the record and files that are pertinent to the plea and the colloguy surrounding its acceptance by the court.
REMANDED.
WENTWORTH and WIGGINTON, JJ., concur.