SCHOONOVER, Judge.
The appellant, Jeffrey Pugh, seeks review of the judgments and sentences imposed upon him after he was found guilty of five crimes. We find no merit in the appellant’s contention that the trial court erred by refusing to sever the count of escape from the remaining charges filed against him and, accordingly, affirm the convictions. We agree, however, that the trial court erred in sentencing the appellant and, therefore, reverse the sentences imposed upon him.
The appellant, an inmate at the Fort Myers Community Correctional Center, was on a work release program whereby he was allowed to leave the premises to work at an approved job. On the day in question, the appellant left the correctional center between 5:30 and 6:00 a.m. in a van provided by the state and was taken to the job site where he was to begin work at 7:00 a.m.
At approximately 11:30 that morning, the appellant forcibly took a wallet from a woman in a parking lot. A witness to the crime gave chase but soon lost sight of the appellant as he ran toward an apartment complex located approximately three blocks away. Shortly before noon, the appellant entered an apartment within that complex, locked the doors, pulled the curtains closed, and held the occupants (a woman and her three year old son) captive until sometime after 2:00 p.m. He was arrested later the same day and was subsequently charged by amended information with the crimes of escape in violation of section 944.40, Florida Statutes (1985), robbery in violation of section 812.13, Florida Statutes (1985), burglary of a dwelling in violation of section 810.02, Florida Statutes (1985), and two counts of kidnapping in violation of section 787.01, Florida Statutes (1985).
The appellant’s timely motion to sever the escape charge from the remaining charges pursuant to Florida Rule of Criminal Procedure 3.152(a) was denied, and the case proceeded to a jury trial on all five charges. After a jury found the appellant guilty of escape, robbery, trespass of a structure, and two counts of false imprisonment, the trial court adjudicated him guilty of the offenses. Although the appellant’s guidelines scoresheet indicated a sentencing range of seven to nine years imprisonment, the trial court imposed five consecutive sentences which totalled in excess of twenty-six years imprisonment and relied on the appellant’s habitual offender status as the sole reason to depart from the guidelines. The trial court also assessed certain court costs against the appellant.
Since the five different charges filed against the appellant were part of the same episode, they were properly joined in the same information. See Fla.R.Crim.P. 3.150(a). See also, King v. State, 390 So. 2d 315 (Fla.1980), cert. denied, 450 U.S. 989, 101 S.Ct. 1529, 67 L.Ed.2d 825 (1981); Paul v. State, 385 So.2d 1371 (Fla.1980). The appellant does not challenge the original consolidation of the charges, but he does contend that a severance of the escape charge was necessary to achieve a fair determination of his guilt or innocence on the four remaining charges. Although we agree that it is generally a better practice to sever any count which requires proof of a prior conviction in order to preserve the defendant’s presumption of innocence as to other counts charged in the same information, see State v. Vazquez, 419 So.2d 1088 (Fla.1982), we find that the trial court did not err in refusing to sever the charge of escape under the facts of this case.
*426 In Vazquez, the defendant was charged with first degree murder, unlawful possession of a firearm by a convicted felon, and unlawful display of a firearm during the commission of a felony. In reversing the trial court’s denial of the defendant’s motion to sever the charge of unlawful possession of a firearm by a convicted felon, the Florida Supreme Court held that a prior conviction is a substantive element of that crime and, therefore, relevant evidence as to that charge. Since proof of a prior conviction was not relevant to the other charges, however, the Vazquez court held that the trial court’s failure to sever the unlawful possession charge prevented the defendant from having a fair trial. Likewise, in Craft v. State, 441 So.2d 704 (Fla. 2d DCA 1983), this court found that the trial court erred in refusing to sever a trial on the offense of possession of a firearm by a convicted felon from two other charges. In Craft, as in Vazquez, we held that since proof of a prior conviction was not necessary in proving the other charges, introduction of such proof would be unfairly prejudicial in the trial on those charges.
The record here reveals that the appellant was serving a sentence for a prior conviction when he escaped from custody. Thus, under the facts of this case, proof of the appellant’s prior conviction was required to prove the escape charge[1] but in and of itself would be irrelevant as to the other four offenses charged. Unlike the facts in Vazquez and Craft, however, in this case the appellant’s crime of escape was itself admissible to prove the other charges against him. All of the crimes with which the appellant was charged took place during a relatively short period of time and were inextricably intertwined. From the evidence presented at trial, the jury could have found that the alleged kidnappings were committed in order to facilitate the escape or the robbery, or both, and the jury was so instructed. See Ayendes v. State, 385 So.2d 698 (Fla. 1st DCA), petition for review denied, 392 So.2d 1371 (1980); § 787.01, Fla.Stat. (1985). Likewise, the burglary with which the appellant was charged, was allegedly perpetrated “with the intent to commit ... Kidnapping or False Imprisonment.” Thus, the proof of the appellant's escape and subsequent robbery were relevant in connection with the kidnapping charges, Ayendes, and the kidnapping charges were relevant to proving the burglary charge. We, therefore, find that the trial court did not abuse its discretion in denying the appellant’s motion to sever the escape charge, see King at 318, and affirm the appellant’s convictions.
We next direct our attention to the sentences imposed upon the appellant. The appellant correctly contends that a defendant’s classification as a habitual offender is an invalid reason to depart from the guidelines. See Whitehead v. State, 498 So.2d 863 (Fla.1986). Because the only reason the trial court gave for its departure is invalid, we reverse the five sentences imposed upon the appellant and remand for resentencing within the guidelines sentencing range. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Finally, we note that despite the fact that the appellant had been declared indigent, the trial court assessed a total of $49.50 in costs against him pursuant to sections 939.01, 943.25(4), 943.25(8), and 960.20, Florida Statutes (1985). These assessments were error, however, because the trial court failed to provide the appellant with proper notice that such costs would be assessed and also failed to determine his ability to pay the costs. See Jenkins v. State, 444 So.2d 947 (Fla.1984). Although we strike the costs imposed, our decision is without prejudice to the state’s ability to seek these costs in accordance with the requirements of Jenkins.
*427 Affirmed in part, reversed in part, and remanded.
SCHEB, A.C.J., and HALL, J., concur.

. In order to establish a prima facie case of escape the state has the burden of proving that the defendant (1) was under arrest and in the lawful custody of any law enforcement official; or was convicted and sentenced to imprisonment and committed to a penal institution by a court; (2) was confined in any penal institution; or being transported to or from a place of confinement; or was working on a public road; and (3) escaped or attempted to escape, intending to avoid lawful confinement. See Fla.Std. Jury Inst. (Crim.); §§ 944.40, 944.02(5), Fla.Stat. (1985).