WELLS, Judge.
Eugene Lark appeals his convictions and sentences for one count of strong armed robbery, one count of fleeing a law enforcement officer at high speed, and two counts of resisting an officer without violence, claiming that: (1) the lower court committed reversible error by failing to conduct a Nelson[1] inquiry; (2) the evidence did not establish that the defendant was a principal to robbery; and (3) an erroneous jury instruction allowed the jury to find the defendant guilty twice for the same offense of resisting an officer without violence. We reject Lark’s first two claims without discussion finding that they are without merit. For the reasons that follow, we strike one of the defendant’s *1166 convictions for resisting an officer without violence because of an erroneous jury instruction.
The information charged Lark with, in relevant part, one count of resisting Officer Gonzalo Garcia of the Miami Springs Police Department without violence (count 4), and one count of resisting Officers Edwin Diaz and/or Patrick Calvo of the Miami-Dade County Police Department without violence (count 7). The evidence at trial was that, following a robbery, Lark di*ove a vehicle in a high speed chase with two police cars, one driven by Officer Garcia, the other driven by Officers Diaz and Calvo. Officers Garcia and Calvo testified at trial, Officer Diaz did not.
The record reflects that the jury instruction on count 4 for resisting a law enforcement officer without violence correctly identified Officer Garcia as the officer involved in that count. However, the instruction relating to count 7 mistakenly identified Officer Garcia rather than Officer Diaz as one of the officers involved in that charge, asking whether “Lark resisted, obstructed or opposed Gonzalo Garcia and/or Patrick Calvo” without violence. Although this error was brought to the trial court’s attention, and the court agreed to rectify it, the instruction went to the jury with the erroneous substitution of Officer Garcia for Officer Diaz. The jury returned a general verdict finding Lark guilty on both count 4 and 7.
We agree with Lark that the erroneous jury instruction combined with the general verdict effectively permitted the jury to twice find Lark guilty for the same offense of resisting Officer Garcia without violence. See Gaskin v. State, 869 So.2d 646, 647 (Fla. 3d DCA 2004) (finding reversible error where the improper jury instruction provided a legally insufficient basis for a conviction and where the general verdict of guilty as to the charged crime made it impossible to determine that the verdict was not based on the improper portion of the jury instruction). We therefore reverse as to count 7 and, at the State’s suggestion, strike Lark’s conviction and sentence on that count. The remainder of Lark’s convictions and sentences are affirmed.
Affirmed in part, reversed in part.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).