385 So.2d 696 (1980)
William Henry FRIEND, Appellant,
v.
STATE of Florida, Appellee.
No. PP-29.
District Court of Appeal of Florida, First District.
June 19, 1980.
Rehearing Denied July 9, 1980.
*697 Michael Minerva, Public Defender, and Nancy A. Daniels, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Charles Stampelos, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Friend appeals his judgment of conviction for kidnapping (four counts) and robbery with a firearm, and imposition of five 30-year consecutive sentences, each requiring the three-year mandatory minimum to be served. We agree with appellant's contention that under a proper construction of Florida's kidnapping statute, the kidnapping convictions should be reversed. § 787.01, Florida Statutes (1977).
The record evidence shows that appellant and an accomplice, both carrying firearms while committing a robbery in an office building, motioned three employees into a bathroom, commanding them to "stay there." After a few minutes another employee, who had been required to assist the robbers, was ordered into the bathroom and the door was shut. Within five minutes the employees opened the door and found that the robbers had departed. We conclude that these facts are insufficient to sustain appellant's kidnapping convictions.
Florida's kidnapping statute, § 787.01, Florida Statutes, provides in pertinent part that:
(1)(a) "Kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
* * * * * *
2. Commit or facilitate commission of any felony.
Although appellant's actions might be considered within the literal language of the statute, we are unable to find any reasonable basis for construing § 787.01(1)(a)2 as intended to include confinement that is simply inconsequential or inherent in the nature of the related felony. Accord, Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980). See also, Government of the Virgin Islands v. Berry, 604 F.2d 221 (3rd Cir.1979); State v. Buggs, 219 Kan. 203, 547 P.2d 720 (1976). In the present case the confinement was of minimal duration, without significant asportation or movement, and did not significantly lessen the risk of detection or make the robbery substantially easier to complete than would any alternative forcible restraint essential to the commission of the robbery. The circumstances in this case therefore indicate that the confinement was without independent significance, that it was not materially different from the restraint necessarily involved in the felony of armed robbery, and that it was accordingly not within the intended purview of § 787.01(1)(a)2, Florida Statutes.
*698 Appellant's other contentions present no point of reversible error.
The convictions and sentences for kidnapping are reversed and the judgment otherwise affirmed.
ROBERT P. SMITH, Jr., and ERVIN, JJ., concur.