MILLS, Judge.
On 21 October 1980 a young lady celebrated her 19th birthday by visiting a bar. She was talked into giving a couple a ride home. They directed her into a grassy lane in an isolated area where she refused to go farther. After a struggle she was dragged from the car and searched for money. When none was found, she was forcibly taken about 90 feet down the lane where both sexually battered her. After returning to the car, and still finding no money, they again forcibly took her down the lane and raped her. The three then returned to town where the victim was released.
She drove immediately to the police. She had carefully studied her assailants so that she would be able to identify them. She picked Gilley out of photographic and live lineups and identified him in court. She also identified Gilley’s companion, Myra Wilson, from lineups. Wilson and Gilley were living together at the time. The bartender also identified the two. Several blood groupings were done, and all were consistent with that of Gilley and Wilson. Wilson pled guilty. Gilley was convicted of kidnapping, sexual battery, and attempted robbery.
 The only issue requiring discussion concerns the sufficiency of the asportation to support a separate kidnapping conviction. If the kidnapping was incidental to or inherent in the felony, then conviction and sentence for the kidnapping is improper. Mobley v. State, 409 So.2d 1031 (Fla.1982). Gilley relies on Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980), holding that locking robbery victims in a bathroom was incidental, and Simpkins v. State, 395 So.2d 625 (Fla. 1st DCA 1981), holding that moving a rape victim from the bedroom to the living room would not support kidnapping convictions. The State relies on Bass v. State, 380 So.2d 1181 (Fla. 5th DCA 1980), which held that forcing a rape victim into her car and *69 then driving some distance to the rape scene was kidnapping. In this case, however, the victim voluntarily accompanied Gilley to a secluded spot, and the only forced movement was farther down the lane.
In Faison v. State, 399 So.2d 19 (Fla. 3d DCA 1981), the same issue was raised. In that case a rapist moved a receptionist from a visible spot in the front room to the rear of the room before raping her, then to a restroom. In a separate incident, he moved a woman from the kitchen to a bedroom. The kidnapping conviction was affirmed. Applying the law of the Faison case to this case, we find that the movements of the victim were effected by substantial force; the movements were not inherent since the rape could have been committed at the car; and the abductions were to a spot of relative seclusion, making the rape easier to commit. We are of the opinion the kidnapping was in furtherance of the rape and not merely incidental to or inherent in the rape.
Having reviewed the remaining point on appeal and finding it without merit, we affirm.
LARRY G. SMITH and SHAW, JJ., concur.