415 So.2d 144 (1982)
Napoleon DOWDELL, Appellant,
v.
STATE of Florida, Appellee.
No. AG-225.
District Court of Appeal of Florida, First District.
June 16, 1982.
*145 David J. Busch, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for appellee.
JOANOS, Judge.
Napoleon Dowdell's appeal from judgments of guilt of robbery while in possession of a firearm and kidnapping while in possession of a firearm and sentences for both offenses raises two issues:
I. Was the movement or confinement of the victim inconsequential or inherent in the nature of the robbery?
II. Did the kidnapping offense, by definition and as alleged in the information, require proof of the underlying felony of robbery so as to make it error for the trial court to impose consecutive sentences for each conviction?
Answering both questions in the negative, we affirm.

I
The facts relevant to the robbery and the kidnapping charges establish that a Taco Bell was robbed at about 12:30 a.m. The store had closed earlier and the manager had stayed around to clean up and to do some paperwork. At 12:15 a.m. the manager got a call from someone in an apartment building which overlooked the parking lot of the Taco Bell and was told that someone was doing something around the manager's car which was in the parking lot behind the Taco Bell. The manager looked out a peephole through the rear door and could not see anything and did nothing further. He then got a second call with similar information. At that time he grabbed a knife and went out a side door to investigate. There were no other cars in the parking lot. As he got near his car, he then saw a man standing with a gun pointed at him. There was good lighting in the parking lot. The man told him to open the door before he killed him. They walked inside, going through the rear door. All of the interior lights were on in Taco Bell. The robber required the manager to get down below counter level and crawl toward the front of the store to the safe and to get money out and put it in a bank bag. The robber then ripped out the phone and left through the rear door.
We reject Dowdell's contention that the confinement and movement of the victim in this case was not significantly independent of the crime of robbery. The movement of the manager from the well-lighted parking lot through the rear door into the building and the requirement that he stay out-of-sight below counter level in moving to and from the safe supports a jury finding that the movement and confinement served to lessen the risk of detection, Ayendes v. State, 385 So.2d 698 (Fla. 1st DCA 1980), and to facilitate the commission of the crime of robbery. Section 787.01(1)(a), Florida Statutes (1979).

II
As for the alleged sentencing error, Dowdell contends that since the offense of kidnapping involves the confinement or movement of another person against his will with intent to commit or facilitate the *146 commission of any felony and since he was charged with kidnapping "with the intent to commit or facilitate the commission of robbery," the robbery was necessarily included within the kidnapping. Accordingly, he urges, under State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), it was error to sentence him for both offenses.
The flaw in this argument is that the offense of kidnapping does not require that the underlying felony be completed; it only requires that the perpetrator intend to commit or to facilitate the commission of the felony. See Green v. State, 415 So.2d 143, (Fla. 1st DCA 1982). Thus, it is distinguishable from the situation in the Hegstrom case involving a felony murder wherein the actual commission of a felony must be proved. Accordingly, we find the sentences to be authorized.
AFFIRMED.
LARRY G. SMITH and THOMPSON, JJ., concur.