464 So.2d 1261 (1985)
Glenard CHANEY, Appellant,
v.
STATE of Florida, Appellee.
No. AY-272.
District Court of Appeal of Florida, First District.
February 20, 1985.
Rehearing Denied April 3, 1985.
*1262 Michael E. Allen, Public Defender, Michael J. Minerva, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant/defendant was charged by information with armed robbery and kidnapping with a firearm. He was convicted by a jury of both offenses. The trial judge sentenced him to four and one half years for the robbery and imposed a concurrent 30-year sentence for the kidnapping conviction. He now appeals the judgment and sentence for kidnapping. We agree with appellant that the conviction and sentence for kidnapping should be reversed, based upon the proper construction of section 787.01(1)(a)2, Florida Statutes, and this court's decision in Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980).
The trial court record shows that, on September 1, 1983, appellant and an accomplice (Manning) entered the Plant Ranch Nursery where the victim, Mr. Baker, was employed. While Manning was making a purchase, appellant came from behind Baker and put a gun to his side. Baker was directed to open the cash register and a nearby Coke machine, and the money from both was removed by Manning. Baker was then placed in the bathroom. Baker testified at trial that both men followed him to the bathroom, walking behind him; that he "was requested to be put in the bathroom"; that he could not recall which of the men opened the door; and that the door had a spring device and closed by itself. He testified that he then heard "bags of stuff being placed in front of the door" and that he later identified the bags to be thirty to forty 50-pound bags which had been stacked nearby. After waiting approximately 60 seconds, Baker heard two car doors shut and an engine start. He then struggled for 10 to 15 seconds to open the door and escaped from the bathroom in time to observe the car's tag number. His observation and immediate telephone call to the police resulted in the apprehension of both men.
Manning's trial testimony differed from Baker's in a few details. He testified that appellant was already in the car when the bags were placed in front of the door; that Manning alone placed the bags; and that only two or three 50-pound bags were used. Manning also stated that the purpose for placing Baker in the bathroom was so that he would not be able to observe the car's tag number.
Appellant was subsequently convicted of both armed robbery and kidnapping with intent to commit or facilitate the commission of a felony. Section 787.01(1)(a)2, Florida Statutes. The Florida Supreme Court has recognized that a literal reading of subsection (a)2 would result in finding a kidnapping with virtually every robbery or sexual battery, as these crimes often inherently involve the unlawful confinement of the victim. Mobley v. State, 409 So.2d 1031 (Fla. 1982). The supreme court attempted to resolve the dilemma by adopting, in Faison v. State, 426 So.2d 963 (Fla. 1983), the three-pronged test enunciated by the Kansas Supreme Court. The test stated that movement or confinement, to result in kidnapping:
(a) Must not be slight, inconsequential and merely incidental to the other crime;

*1263 (b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison v. State, supra, at 965, quoting State v. Buggs, 219 Kan. 203 at 216, 547 P.2d 720 at 731 (1976).
We find that the facts of this case do not support a conviction of kidnapping according to the test adopted in Faison v. State, supra. Further, the facts are very similar to those presented in Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980), wherein this court reversed a conviction for kidnapping. In that case, the appellant and an accomplice entered an office building with firearms. While committing a robbery, three employees were motioned into a bathroom and commanded to stay. Within five minutes, the employees opened the door and discovered the robbers were gone. After citing State v. Buggs, supra, the kidnapping conviction and sentence were reversed. Although the court noted that appellant's actions might fall within the literal language of Florida's kidnapping statute, it held that:
[t]he confinement was of minimal duration, without significant asportation or movement, and did not significantly lessen the risk of detection or make the robbery substantially easier to complete than would any alternative forcible restraint essential to the commission of the robbery.
385 So.2d at 697.
In the case at bar, the confinement was of less duration than that in the Friend case, lasting at most one and one half minutes. The confinement did not substantially lessen the risk of detection. Although Manning testified that the purpose of the confinement was to prevent Mr. Baker from obtaining the car's license number, Baker did in fact obtain the number and appellant was thereby apprehended. Nor did the confinement make the crime substantially easier to complete. In fact, the robbery had already been completed at the time Baker was placed in the bathroom. We therefore adopt the reasoning used by this court in Friend v. State, supra, and find the confinement to have been "without independent significance" and "not within the intended purview of § 787.01(1)(a)2, Florida Statutes." 385 So.2d at 697. (See also Simpkins v. State, 395 So.2d 625 (Fla. 1st DCA 1981) wherein this court adopted the reasoning used by the court in Friend v. State to reverse a conviction of kidnapping in the commission of a sexual battery.)
The conviction and sentence for kidnapping are REVERSED.
TILLMAN PEARSON (Ret.), Associate Judge, concurs.
BOOTH, J., dissents.
BOOTH, Judge, dissenting:
I respectfully dissent and would affirm the judgment of conviction below. The testimony shows that the victim Baker was barricaded into a bathroom by appellant and his accomplice after the robbery was completed. The testimony is that appellant stacked 50-pound bags in front of the bathroom door so that Baker was required to struggle to get the door open and free himself. In the Friend case, supra, cited by the majority, the facts show that the victims were put into a bathroom and commanded to stay there. The reported decision indicates that the door was not locked or otherwise barred from the outside, as it was in this case. It is totally immaterial that, in the instant case, Baker was able to push the door open and escape in a relatively short period of time. Likewise immaterial is that the felons' purpose of preventing the victim from getting their tag number was frustrated. The fact remains that the victim was significantly deprived of his liberty and confined in a way which meets the test of Faison v. State, 426 So.2d 963 (Fla. 1983). More recent than the Friend case, supra, is Dowdell v. State, 415 So.2d 144 (Fla. 1st DCA 1982), petition for review denied, 429 So.2d 5 (Fla. 1983), wherein this *1264 court affirmed a kidnapping conviction, holding:
We reject Dowdell's contention that the confinement and movement of the victim in this case was not significantly independent of the crime of robbery. The movement of the manager from the well-lighted parking lot through the rear door into the building and the requirement that he stay out-of-sight below counter level in moving to and from the safe supports a jury finding that the movement and confinement served to lessen the risk of detection, Ayendes v. State, 385 So.2d 698 (Fla. 1st DCA 1980), and to facilitate the commission of the crime of robbery. Section 787.01(12)(a), Florida Statutes (1979). [emphasis added]