481 So.2d 97 (1986)
William Lee TAYLOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-928.
District Court of Appeal of Florida, Third District.
January 7, 1986.
Bennett H. Brummer, Public Defender, and Harold Mendelow, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
The defendant William Lee Taylor appeals multiple judgments of conviction and consecutive sentences for armed robbery, kidnapping, aggravated assault and unlawful possession of a firearm while engaged in a criminal offense, which were entered upon an adverse jury verdict. Four points are raised on appeal; we conclude that none of these points present reversible error and affirm.
First, the defendant complains about certain comments by the prosecuting attorney and trial judge. We have reviewed these comments and find them entirely proper. See Washington v. State, 432 So.2d 44, 47 (Fla. 1983); David v. State, 369 So.2d 943, 944 (Fla. 1979); Smith v. State, 365 So.2d 704, 706-07 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); Essix v. State, 347 So.2d 664, 665 (Fla. 3d DCA 1977), cert. denied, 357 So.2d 185 (Fla. 1978).
Second, the defendant complains about the admission in evidence of a shirt and gloves. The evidence was relevant and properly admissible. See Pesaplastic v. Cincinnati Milacron Co., 750 F.2d 1516, 1524 (11th Cir.1985); Prior v. Oglesby, 50 Fla. 248, 250, 39 So. 593, 594 (1905); Stettler v. Huggins, 134 So.2d 534, 535 (Fla. 3d DCA 1961).
Third, the defendant contends that the evidence was insufficient to support a conviction for kidnapping. We cannot agree. The evidence shows that the defendant, subsequent to committing a robbery in a drive-in food store, confined the victim in the store bathroom and later forced the victim to come out of the bathroom and wait on store customers  all in an obvious effort to lessen the risk of detection as to the robbery which the defendant had just previously committed. A kidnapping was therefore proven below. Faison v. State, 426 So.2d 963, 966 (Fla. 1983); Dowdell v. State, 415 So.2d 144 (Fla. 1st DCA 1982), pet. for review denied, 429 So.2d 5 (Fla. 1983).
*98 Fourth, the defendant contends that the sentences imposed violate the sentencing guidelines under Fla.R.Crim.P. 3.701. We cannot agree. The sentencing guidelines, without dispute, called for a life sentence in this case  and the trial judge imposed sentences totalling 288 years imprisonment which is less than a life sentence and therefore within the sentencing guidelines. See Harmon v. State, 438 So.2d 369 (Fla. 1983); Alvarez v. State, 358 So.2d 10 (Fla. 1978); Saname v. State, 427 So.2d 1083 (Fla. 1st DCA 1983), rev'd on other grounds, 448 So.2d 14 (Fla. 1st DCA 1984).
The judgments of conviction and sentences appealed from are in all respects
Affirmed.