483 So.2d 13 (1985)
Bernard BRINSON, Robert Brinson and Moses McFadden, Appellants,
v.
STATE of Florida, Appellee.
Nos. BC-45 through BC-47.
District Court of Appeal of Florida, First District.
November 20, 1985.
As Connected February 6, 1986.
*14 Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellants.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellants bring this consolidated appeal from their joint trial below, which was based on identical seven-count informations charging them with three counts of armed robbery, one count of burglary of a dwelling, and three counts of kidnapping, Sections 787.01, 810.02, and 812.13, Florida Statutes (1983). Appellants Bernard Brinson and Moses McFadden contend that the evidence adduced at trial was insufficient to support their kidnapping convictions, and that the trial court improperly admitted two inculpatory notes allegedly written by them. Appellant Bernard Brinson further contends that the trial court allowed the state to utilize an improper method of impeachment in inquiring as to the nature of certain prior offenses committed by him. Finally, appellant Robert Brinson asserts that the trial court erroneously sentenced him under the sentencing guidelines without evidence that he had affirmatively selected to be so sentenced, and that the trial court's stated reasons for departure from the recommended guidelines sentence were improper. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
The trial testimony established that three armed men forced their way into the home of Billy and Alice Yawn on September 11, 1983. One intruder required Mrs. Yawn and her sister, Hazel Dunford, to move from the kitchen area into a family den. Another intruder forced Mr. Yawn to do likewise. Money was taken from both Mr. and Mrs. Yawn: $500.00 from Mr. Yawn's wallet, and $2,000 Mrs. Yawn was required to retrieve from a money bag containing rental receipts from the Yawn's mobile home park business. Mrs. Yawn was also forced to obtain jewelry from each bedroom in the residence. After the robbery was completed, all of the victims were forced to lie on their stomachs in the family den, where their hands and legs were bound by neck ties. The robbers then departed, making their get-away in Mr. Yawn's car. A minute or two later, Mr. Yawn testified, he was able to escape his bondage, free the others, and call the police.
Mr. and Mrs. Yawn both identified Bernard Brinson as one of the robbers. Mrs. Yawn also identified Moses McFadden. The participation of all three appellants in various aspects of the robbery was confirmed by a co-participant, Craig Stevens. Stevens testified that he had been approached by appellants to act as the "muscle" for the robbery which, according to Stevens, was initiated by Robert Brinson, who indicated famliarity with the physical layout of the Yawn's residence. Robert Brinson had driven the other three robbers to the Yawn residence, dropping them off with instructions to deliver his share of the *15 "take" after the robbery was completed. All three appellants testified at trial, denying participation in the robbery, and offering various alibi defenses.
Appellants Bernard Brinson and Moses McFadden were found guilty on all counts, while appellant Robert Brinson was found guilty of burglary of a dwelling, and three counts of the lesser included offenses of unarmed robbery.[1] Bernard Brinson received concurrent twenty-two year sentences on all counts; Moses McFadden and Robert Brinson both received concurrent nine year sentences on all counts for which they stood convicted. At Robert Brinson's sentencing hearing, his counsel stated that he "should be treated within the [sentencing] guidelines," which specified a presumptive sentence of between three and a half and four and a half years. The trial judge then stated his intention to depart from the guidelines and to sentence Robert Brinson to concurrent nine year terms, based on the trial court's stated desire to sentence Robert Brinson the same as Brinson's co-defendant Moses McFadden, and further based on the trial court's characterization of Robert Brinson as the "mastermind" of these crimes. The record discloses no response by Robert Brinson to this colloquy between his counsel, the state, and the trial court, except to question the trial court as to whether the contemplated sentence was "inside the guidelines."
Initially, we find two issues raised by appellants to be without merit. First, while Bernard Brinson correctly points out that the state's questioning of him on the specific nature of his past convictions was impermissible, Vause v. State, 424 So.2d 52 (Fla. 1st DCA 1982), it is clear that the harmless error rule may preclude reversal on this issue. State v. Young, 283 So.2d 58 (Fla. 1st DCA 1973); Blasco v. State, 419 So.2d 807 (Fla. 3d DCA 1982). Here, the evidence of Bernard Brinson's guilt  which included the eyewitness identification of him by both Mr. and Mrs. Yawn, as well as Craig Stevens' testimony placing him at the scene of the crime  was overwhelming. We find the error complained of harmless.
Secondly, we have examined the arguments of appellants Bernard Brinson and Moses McFadden regarding the trial court's admission of two notes, admittedly written by Moses McFadden, requesting a Leon County jail inmate to give false exculpatory testimony at appellants' trial, and find that no reversible error has been demonstrated.
We find merit, however, in the contention of appellants Bernard Brinson and Moses McFadden that the evidence below was insufficient to support their kidnapping convictions. Faison v. State, 426 So.2d 963, 965 (Fla. 1983), established a three-part test for discerning whether the confinement or movement of an alleged kidnapping victim is sufficient to support a conviction for kidnapping:
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) must not be slight, inconsequential, and merely incidental to the other crime;
(b) must not be of the kind inherent in the nature of the other crime; and
(c) must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of the detection [sic].
Analyzing the facts of this case under these standards, we find the facts in this case similar to the facts in Chaney v. State, 464 So.2d 1261 (Fla. 1st DCA 1985), Simpkins v. State, 395 So.2d 625 (Fla. 1st DCA 1981), and Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980). In those cases this court found the movement and confinement of the victims involved slight, inconsequential, and incidental to the other crimes concurrently perpetrated. Chaney and Friend concerned the question of confinement; in both, the victims of a robbery occurring inside a building were placed in a *16 bathroom, during or after the robbery, from which they escaped within minutes or seconds. Simpkins concerned the room-to-room movement of a sexual battery victim within a structure. In the case at bar, the victims were moved between various rooms in the Yawn residence, and were eventually tied up with neck ties, from which they quickly escaped. These facts are indistinguishable from those in Chaney, Friend and Simpkins. Accordingly, we reverse the kidnapping convictions of appellants Bernard Brinson and Moses McFadden.[2]
We also agree with appellant Robert Brinson that his guidelines' departure sentence must be reversed, since the record does not disclose that he affirmatively elected to be sentenced under the guidelines. See Finklea v. State, 470 So.2d 90, 91 (Fla. 1st DCA 1985). We do not find Robert Brinson's question whether the trial court's contemplated sentence was "inside the guidelines" a sufficiently affirmative statement to meet the requirements of Rule 3.701, Florida Rules of Criminal Procedure. See Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984); cf. Parsons v. State, 470 So.2d 834 (Fla. 2d DCA 1985). While it is true that counsel can make an election of guideline's sentencing which is binding on the defendant, counsel's action must be based on permission received from the defendant. Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984). There is no suggestion in the record below that Robert Brinson's counsel had received permission from Brinson to affirmatively elect guidelines sentencing on Brinson's behalf.[3]
Accordingly, the convictions and sentences of appellants Bernard Brinson and Moses McFadden for kidnapping are vacated; the sentences of appellant Bernard Brinson are reversed and remanded for resentencing. The burglary and armed robbery convictions against Bernard Brinson and Moses McFadden, Case Nos. BC-45 and BC-47, are affirmed, but the cases are remanded to the trial court for determination of whether resentencing is required in view of our reversal of the kidnapping convictions against these appellants, and for resentencing if proper.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
MILLS and THOMPSON, JJ., concur.
NOTES
[1] Robert Brinson was acquitted on the three kidnapping counts.
[2] Carter v. State, 468 So.2d 370 (Fla. 1st DCA 1985), cited by the state, is distinguishable from this case by the fact that in Carter the victim was accosted outside her apartment, and was then forced inside the apartment; movement of a victim, outside to inside a building, may not be characterized as "inconsequential," as an aid to the commission of an armed robbery. Accord, Dowdell v. State, 415 So.2d 144 (Fla. 1st DCA 1982), pet, for rev. den., 429 So.2d 5 (Fla. 1983) (restaurant employees moved from parking lot to inside restaurant building); contra, Jackson v. State, 436 So.2d 1101 (Fla. 4th DCA 1983) (victim moved from threshold of motel door to inside motel room; 4th DCA found movement incidental to armed robbery); cf., Sorey v. State, 419 So.2d 810, 811 (Fla. 3d DCA 1982) (defendant, in course of armed robbery of fast food restaurant, ordered employees to lie on their stomachs on floor, and tied employees' hands and legs with rope: 3d DCA held these facts established kidnapping; decision rendered before Faison).
[3] We note, however, that under the standard of review announced in Albritton v. State, 476 So.2d 158 (Fla. 1985), no reversible error has been shown in the trial court's decision to depart from the recommended guidelines' sentence. We agree that the trial court's reference to the sentence of Robert Brinson's co-defendant, Moses McFadden, as a basis for departure was improper, Carter v. State, 468 So.2d 276 (Fla. 1st DCA, 1985). Nevertheless, we find beyond a reasonable doubt that the trial court would have rendered a departure sentence even absent consideration of this improper factor, based on the trial court's other stated reason for departure, that Robert Brinson was the "mastermind" behind the robbery, which we find to be a proper basis for departure. Gitman v. State, 482 So.2d 367, 372 (Fla. 4th DCA, 1985).