DELL, Judge.
We affirm appellant’s conviction on the authority of Jones v. State, 332 So.2d 615 (Fla.1976).
The trial court stated eight reasons for departing from the recommended guidelines sentence. We find no support in the record for the trial court’s conclusion that the victims sustained substantial psychological or emotional trauma, that appellant induced others to participate in the commission of the crime, or occupied a position of leadership or dominance over the other participants, nor do we find an evidentiary basis for departure based on lack of remorse. Premeditation and the fact that appellant received compensation from the crime constitute factors embodied in the offense and therefore do not constitute valid reasons for departure. Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984).
Three of the reasons stated by the trial court may support its departure from the guidelines: the victims’ vulnerability due to age, Carter v. State, 482 So.2d 533 (Fla. 1st DCA 1985), the deterrence to others, Williams v. State, 454 So.2d 751 (Fla. 1st DCA 1984), and the threat which appellant may constitute to society, Boyett v. State, 452 So.2d 958 (Fla. 2d DCA 1984). The State has failed to demonstrate beyond a reasonable doubt that the absence of the invalid reasons would not have affected the trial court’s departure from the guidelines sentence. Therefore, we reverse the sentence and remand this case for resentenc-ing within the guidelines or on grounds acceptable for departure. See Albritton v. State, 476 So.2d 158 (Fla.1985).
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DOWNEY, J., and RIVKIND, Leonard, Associate Judge, concur.