PER CURIAM.
Brinson appeals his sentence which was imposed upon remand from this court’s pri- or decision in Brinson v. State, 483 So.2d 13 (Fla. 1st DCA) review denied 492 So.2d 1335 (Fla.1986). Brinson asserts that the trial court’s actions in resentencing him were erroneous in several respects, but we find only one error. Upon remand the court found Brinson to be indigent and imposed 50 hours of community service in lieu of the imposition of court costs and fees under § 27.3455, Fla.Stat. (1985). The offense for which Brinson was sentenced was committed September 11, 1983, before the effective date of § 27.3455. The imposition of a period of community service on indigents unable to pay the fees and court costs clearly disadvantages prisoners whose crimes were committed prior to the effective date of the statute and constitutes an ex post facto violation. State v. Yost, 507 So.2d 1099 (Fla.1987). Accordingly, the portion of Brinson’s sentence which orders him to perform 50 hours of community service is reversed, and the cause is remanded for resentencing in this regard under the current version of § 27.-3455. In all other respects, Brinson’s sentence is affirmed.
SHIVERS, THOMPSON and NIMMONS, JJ., concur.