509 So.2d 1237 (1987)
Michael JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2725.
District Court of Appeal of Florida, Fourth District.
July 8, 1987.
*1238 Richard L. Jorandby, Public Defender, and Thomas F. Ball, III, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Michael W. Baker, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The appellant, Johnson, was convicted of robbery and kidnapping. The victim was the clerk of a convenience store. Johnson handed her a note which said, "There is a .45 magnum in my hand. You make one false move, you're dead. Hand over everything in the register." Upon doing so, the clerk pleaded with appellant to just take the money and leave, to which he responded, "Lady, come on and cooperate and you won't get hurt". The clerk was then taken to a rear room and ordered into a bathroom. The defendant barricaded the bathroom by tying shopping carts to the door in order to make it more difficult for the victim to escape. Upon hearing him leave, she was able to open the door enough to squeeze her hand through, loosen the cord, and move the door sufficiently to escape.
Appellant contends that this confinement was inconsequential and merely incidental to the robbery, and therefore insufficient to support a conviction for kidnapping. Section 787.01, Florida Statutes, provides:
(1)(a) The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
2. Commit or facilitate commission of any felony.
The supreme court in Faison v. State, 426 So.2d 963 (Fla. 1983), adopted a definitive test for determining whether the confinement or movement of a victim is sufficient to support a conviction for kidnapping in addition to the primary offense charged. In that case one victim had been dragged from the front to the rear of an office and then into a restroom; the other was dragged in her home from a kitchen to a bedroom. The defendant's conviction for sexual battery, burglary, and kidnapping was affirmed. The court held that moving the victims made the crimes easier to commit and reduced the danger of detection, and therefore was not simply incidental to the rapes. In Faison, the supreme court made it clear that although Florida's kidnapping statute was worded very broadly, in order for an act to constitute a kidnapping, the movement or confinement of the victim could not be inconsequential or inherent in the nature of the other felonies being committed. Id. at 966. The supreme court adopted the reasoning of Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980), which recognized that if the kidnapping statute were applied literally, it would convert every first-degree robbery or forcible *1239 rape into two life felonies. Faison accepted the following test, adopted from the Kansas case of State v. Buggs, 219 Kan. 203, 547 P.2d 720 (Kan. 1976):
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison, 426 So.2d at 965.
In Harkins, applying the above test, the confining of the sexual battery victim to a bed with a rope supported the kidnapping conviction. Other Florida cases prior to Faison also had similarly upheld dual convictions where the confinement was not inconsequential nor incidental to the other felonies committed. See Sorey v. State, 419 So.2d 810 (Fla. 3d DCA 1982) (restaurant employees tied up on floor after robbery); Dowdell v. State, 415 So.2d 144 (Fla. 1st DCA 1982), rev. denied, 429 So.2d 5 (Fla. 1983) (restaurant manager forced to re-enter restaurant through rear door from parking lot and crawl to safe in front); Carron v. State, 414 So.2d 288 (Fla. 2d DCA 1982), approved, 427 So.2d 192 (Fla. 1983) (robbery victims moved from one part of house to another, tied together with telephone cord, and put into bathtub); Ayendes v. State, 385 So.2d 698 (Fla. 1st DCA), rev. denied, 392 So.2d 1371 (Fla. 1980) (escaped convict entered house and did not permit occupants to leave for one hour). See also Gilley v. State, 412 So.2d 68 (Fla. 1st DCA 1982) (forcing rape victim from car to spot of relative seclusion made rape easier to commit and not incidental to nor inherent in a sexual battery); Bass v. State, 380 So.2d 1181 (Fla. 5th DCA 1980) (forcing rape victim into car and driving to more secluded spot not inconsequential nor inherent in the nature of felony of sexual battery). But see Simpkins v. State, 395 So.2d 625 (Fla. 1st DCA 1981) (kidnapping conviction reversed where sexual battery victim moved from one room to another); Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980) (kidnapping conviction reversed where victims confined to bathroom during robbery). In Faison, the supreme court noted that the Harkins construction of Buggs had previously been applied by the Florida courts with seemingly inconsistent results. Faison, 426 So.2d at 965.
In both Carron, 414 So.2d at 289, and Harkins, 380 So.2d at 528, the courts also approved of the following illustrative examples used in Buggs in considering whether the movement or confinement amounts to a kidnapping:
A standstill robbery on the street is not a kidnapping; the forced removal of the victim to a dark alley for robbery is. The removal of a rape victim from room to room within a dwelling solely for the convenience and comfort of the rapist is not a kidnapping; the removal from a public place to a place of seclusion is. The forced direction of a store clerk to cross the store to open a cash register is not a kidnapping; locking him in a cooler to facilitate escape is.
219 Kan. at 216, 547 P.2d at 731.
The application of these principles continues to prove difficult in practice. In Taylor v. State, 481 So.2d 97 (Fla. 3d DCA 1986), the defendant's conviction for robbery, aggravated assault and kidnapping was affirmed. There the defendant, subsequent to robbing a convenience store, confined the clerk to a bathroom and then forced the victim to wait on customers. The court held that this conduct was an effort to lessen the risk of detention. In Carter v. State, 468 So.2d 370 (Fla. 1st DCA), rev. denied, 478 So.2d 53 (Fla. 1985), the defendant tied the robbery victim to a towel rack in the bathroom with a belt, saying, "I'm going to tie you up and you can get aloose (sic). We just want to get away." Id. 468 So.2d at 370. The court held that the act of tying up the victim was not inconsequential nor inherent in the armed robbery:

*1240 The fact that the defendant knew, when he tied up the victim, that she would be able to free herself by the use of determined effort-to the point of bruising her arms-does not, in our view, disqualify this case from meeting the Faison criteria. The defendant's purpose of tying up the victim was to buy time in making a "clean getaway". The fact that he was "charitable" enough with his victim to buy himself only a little time matters not.
Id. at 371.
However, in Chaney v. State, 464 So.2d 1261 (Fla. 1st DCA), rev. denied, 479 So.2d 118 (Fla. 1985), a kidnapping conviction was reversed although the victim, following a robbery, was confined in a bathroom with heavy bags placed in front of the door. And in Brinson v. State, 483 So.2d 13 (Fla. 1st DCA 1985), rev. denied, 492 So.2d 1335 (Fla. 1986), a kidnapping conviction was reversed although the robbery victims were moved from room to room and tied up.
Nothing is to be gained by attempting to reconcile these cases, other than to note that a dissent in Chaney concluded that the victim was sufficiently deprived of his liberty and confined in a way that the dissenter believed met the test of Faison and of Dowdell.
We conclude that the facts in this case satisfy the Faison test, and are sufficient to sustain the jury's verdict that the clerk was a victim of a kidnapping as well as a robbery. Forcing the victim into the backroom, and then into the bathroom, was not inherent in the nature of the completed robbery. The fact that she was not injured nor tied up does not make the movement and confinement less significant. Here, barricading the victim in the room, even for a brief time, was intended to, and did, facilitate the defendant's escape and lessen the risk of his detection.
Appellant also asserts that his sentence must be reversed as an impermissible departure from the guidelines. We concur. The fact that a robbery victim suffers emotional trauma not significantly different from that usually associated with the components of the crime is not a clear and convincing reason to depart in the absence of a special trauma. Grant v. State, ___ So.2d ___ (Fla. 4th DCA 1987); Campos v. State, 488 So.2d 677 (Fla. 4th DCA 1986); Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA), rev. denied, 476 So.2d 675 (Fla. 1985).
A victim's age may be a valid consideration in departing. See Ball v. State, 487 So.2d 350 (Fla. 4th DCA), rev. denied, 497 So.2d 1217 (Fla. 1986); Harris v. State, 482 So.2d 548 (Fla. 4th DCA 1986); Hadley v. State, 488 So.2d 162 (Fla. 1st DCA 1986). However, in this case the victim was identified as a middle-aged store manager, and there was no evidence that her age was a relevant consideration. The manner of the defendant's escape was also within the elements of the kidnapping conviction.
There are no additional factors here that would justify sustaining a departure. Scurry v. State, 489 So.2d 25 (Fla. 1986); State v. Mischler, 488 So.2d 523 (Fla. 1986); Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Because we have affirmed appellant's kidnapping conviction, we need not address the question of whether the facts of the kidnapping would have been grounds to deviate from the robbery conviction had we reversed the kidnapping. See Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985).
Appellant's claim that he was entitled to a line-up is without merit. Branch v. Estelle, 631 F.2d 1229 (5th Cir.1980); United States v. Ostertag, 619 F.2d 767 (8th Cir.1980); United States v. Estremera, 531 F.2d 1103 (2nd Cir.), cert. denied, 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 804 (1976).
We therefore affirm defendant's convictions, but reverse and remand for resentencing within the sentencing guidelines.
LETTS and WALDEN, JJ., concur.