513 So.2d 1380 (1987)
Russell SANBORN, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-1060.
District Court of Appeal of Florida, Third District.
October 27, 1987.
*1381 Bennett H. Brummer, Public Defender, and John H. Lipinski, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Russell Sanborn appeals convictions and sentences for first-degree murder, burglary of a dwelling, two counts of robbery with a deadly weapon, two counts of kidnapping, and aggravated battery with a deadly weapon. He questions the validity of the kidnapping convictions and challenges the sentences imposed for the other charges. We find merit only in the assertion that the trial court should have instructed the jury as to the lesser included offense of false imprisonment; we therefore reverse the kidnapping convictions and remand for a new trial on those counts.
At trial, the state presented evidence that late one night Mrs. Abramson discovered Sanborn, an acquaintance of her daughter, beside the bed in which Mrs. Abramson and her husband had been sleeping. After threatening to kill them if they didn't "shut up," Sanborn tied them up, cut Mr. Abramson's ear, took money and jewelry, and left the house with their daughter in one of their cars. The daughter's body was found in a field. She had been stabbed to death.
Sanborn's first contention is that the Abramsons were not kidnapped because they were not moved from their bed. The state responds that even though the Abramsons were not moved, they were nevertheless kidnapped, according to the pertinent provisions of section 787.01, Florida Statutes (1983).
Section 787.01(1)(a) provides in part:
(1)(a) "Kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
The state argues that the evidence establishes the charges of kidnapping "with the intent to commit or facilitate the commission of any felony," § 787.01(1)(a)2, and kidnapping "with intent to inflict bodily harm upon or to terrorize the victim." § 787.01(1)(a)3.
In order to obtain a conviction, the state must prove a confinement necessary to facilitate the commission of another crime and that the confinement is not slight, inconsequential, and merely incidental to the other crime; is not inherent in the nature of the other crime; and has independent significance in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection. Faison v. State, 426 So.2d 963, 965 (Fla. 1983). Here, the evidence demonstrates *1382 that the Abramsons' confinement was not "slight, inconsequential and merely incidental," Faison, 426 So.2d at 965 (quoting State v. Buggs, 219 Kan. 203, 216, 547 P.2d 720, 731 (1976)), and no basis for reversal on that ground exists. See Johnson v. State, 509 So.2d 1237 (Fla. 4th DCA 1987). Compare Kirtsey v. State, 511 So.2d 744 (Fla. 5th DCA 1987) (where victims are moved about interior of store and forced to open safe, acts are slight and merely incidental to robbery offense). The evidence also supports conviction under section 787.01(1)(a)3.
Next, Sanborn argues that the trial court should not have overruled his counsel's objection to the jury instruction as to kidnapping and, relying on Mills v. State, 407 So.2d 218 (Fla. 3d DCA 1981), he cites error in the trial court's failure to instruct the jury on the lesser included offense of false imprisonment. We agree that the court's omission constitutes reversible error. Cabe v. State, 408 So.2d 694 (Fla. 1st DCA 1982), review denied, 435 So.2d 821 (Fla. 1983); Mills; see State v. Abreau, 363 So.2d 1063 (Fla. 1978). Contra Williamson v. State, 510 So.2d 335 (Fla. 4th DCA 1987). We reject the state's contention that Sanborn failed to preserve the point for appellate review. Although Sanborn's counsel was misinformed as to the law, he nevertheless preserved the error for appellate disposition.
We find no merit in the remaining point. Harmon v. State, 438 So.2d 369 (Fla. 1983); Alvarez v. State, 358 So.2d 10 (Fla. 1978); Taylor v. State, 481 So.2d 97 (Fla. 3d DCA 1986); Vileta v. State, 454 So.2d 792 (Fla. 2d DCA 1984). Contra Blackshear v. State, 480 So.2d 207 (Fla. 1st DCA 1985), appeal after remand, 513 So.2d 174 (Fla. 1st DCA 1987). For these reasons, we reverse the kidnapping convictions and remand for a new trial on the kidnapping counts. We affirm the other convictions.
Affirmed in part; reversed in part; remanded.