THOMPSON, Judge.
Merritt appeals his convictions and sentences for one count of armed burglary, two counts of aggravated assault, and two counts of kidnapping. The appellant contends, inter alia, that the evidence was insufficient to support the convictions for kidnapping and that the court erred in imposing a guidelines sentence because he did not affirmatively select guidelines sentencing. We affirm the convictions but reverse and remand for resentencing.
In April 1982 the appellant and a code-fendant entered a Lake City home with intent to steal a safe they believed they would find there. When they discovered two teenage girls asleep in one of the bedrooms of the house, they woke them, and *291 threatened them with a knife and shotgun which they had found in the house. After a brief struggle with one of the girls during which the appellant threatened to harm the girls if they did not keep quiet and stop resisting, the appellant and his codefendant gagged the girls and tied them up with telephone cord. While appellant held the shotgun on the bound and gagged girls, the codefendant ransacked the house looking for the safe and for other items to steal. No safe was found but a small amount of cash and jewelry was taken. The girls were not physically harmed and were not moved from the bedroom where they were found by appellant and his accomplice. Before leaving the house appellant slightly loosened the bonds of one of the girls and he later stopped at a pay telephone and called the police to tell them where to go to set the girls free. Both girls had been gagged and bound for more than 30 minutes while appellant’s codefendant searched for the safe and other valuables. During their entire confinement the girls were in the bedroom in which they were found and their movement, if any, was inconsequential.
The appellant contends that under the facts in this case the evidence was insufficient to prove kidnapping by the confining of another person against his will without lawful authority with intent to commit or facilitate the commission of a felony. He cites Faison v. State, 426 So.2d 963 (Fla.1983); Brinson v. State, 483 So.2d 13 (Fla. 1st DCA), review denied 492 So.2d 1335 (Fla.1986); Chaney v. State, 464 So.2d 1261 (Fla. 1st DCA), review denied, 479 So.2d 118 (Fla.1985); and Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980) in support of his argument.
Prior to Faison the decisions appear to be inconsistent, if not in actual conflict, as to the essential requirements of proving kidnapping by confining, abducting, or imprisoning another person with intent to commit or facilitate the commission of any felony. In Faison the supreme court approved a test enunciated by the Supreme Court of Kansas in State v. Buggs, 219 Kan. 203, 547 P.2d 720 (1976) which established the following requirements:
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessons the risk of detection. (Emphasis supplied.)
In Faison, the supreme court also approved the Fifth District Court of Appeal’s construction of the kidnapping statute in the case of Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980), saying:
We find that Harkins sets out the proper construction of the kidnapping statute, i.e.,
that “confining, abducting, or imprisoning another person ... with intent to commit or facilitate commission of any felony” does not include movement or confinement that is inconsequential or inherent in the nature of the felony.
380 So.2d at 528. We therefore approve Harkins and the Buggs test. [Emphasis supplied.]
Faison v. State, 426 So.2d at 966.
In Harkins, which was approved by the supreme court in Faison, there was no movement of the victim. After voluntarily entering a motel room, the victim was tied to the bed, sexually assaulted twice, and stabbed to death. There was no movement of the victim whatsoever, but the court held “[t]he roped confinement was neither inconsequential nor inherent in the felonies of sexual battery and second degree murder,” and affirmed the conviction of kidnapping. In the instant case the confinement was not slight or inconsequential. The victims were bound and gagged for more than one-half hour and their confinement was not inherent in the felonies of armed burglary and aggravated assault.
*292 The cases of Brinson, Chaney and Friend, cited in support of the appellant’s contention that the evidence was insufficient to support the convictions for kidnapping, are distinguishable. Each of these cases involved slight and inconsequential movement and slight and inconsequential confinement. The confinement in Brinson consisted of the victims being forced to lie on their stomachs in the family den where their hands and legs were bound by neckties. The robbers then departed and a minute or two later one of the victims was able to escape his bonds, free the others, and call the police. The movement and the confinement was obviously slight or inconsequential. In Chaney the victim was placed in a bathroom and 30 or 40 fifty pound bags were stacked against the door. The victim was in the bathroom only 75 seconds before he opened the door and escaped in time to observe the getaway car’s tag number. In Chaney the movement was insignificant or inconsequential and the confinement was clearly insignificant or inconsequential. In Friend the victims were also placed in a bathroom and their confinement lasted less than five minutes. Again, both the movement and the confinement were insignificant or inconsequential. In contrast, in the instant case the victims were confined while one of the burglars searched the house for more than one-half hour unhindered by the presence of the victims. It is obvious that the confinement facilitated the commission of the felonious armed burglary, and the appellant’s codefendant testified that the confinement facilitated and expedited his search of the premises for the articles to be taken. Compare Carter v. State, 468 So.2d 370 (Fla. 1st DCA 1S85) (kidnapping conviction affirmed where the defendant’s purpose in tying up the victim was to buy time in making a clean getaway). We therefore affirm the convictions for kidnapping.
Appellant contends, and the state agrees, that the trial court erred in imposing a guidelines sentence as no affirmative selection of guidelines sentencing was made. We agree that the guidelines sentence must be reversed because the record does not disclose that appellant affirmatively elected to be sentenced under the guidelines. Finklea v. State, 470 So.2d 90 (Fla. 1st DCA 1985).
We find the remaining points raised on appeal to be without merit.
AFFIRMED in part and REVERSED and REMANDED for resentencing. .
SHIVERS and ZEHMER, JJ., concur.