STONE, Judge.
The defendant, convicted of robbery and kidnapping, challenges the sufficiency of the evidence supporting the kidnapping charge.
The defendant robbed an Arby’s restaurant. After he was given the money, the defendant, at gunpoint, forced the manager and three employees outside of the store and put them into a restroom located in the rear. The defendant told the victims to stay inside. After thirty seconds the manager peeked out. The defendant yelled, “get back into the bathroom”. The victims obeyed for another thirty seconds, when they looked out and observed the defendant riding off on a bicycle.
The appellant contends that the evidence was insufficient to support a kidnapping conviction because the movement of the victims to the outside restroom was slight, inconsequential, and merely incidental to the robbery. Kidnapping means “forcibly, secretly, or by threat confining, abducting, or imprisoning another ... with intent to commit or facilitate commission of any felony. Florida Statutes, § 787.01(l)(a)(2)(1985).
In Faison v. State, 426 So.2d 963 (Fla. 1983), the Florida Supreme Court recognized that a kidnapping does not occur if *748 the movement or confinement of the victim is inconsequential or inherent in the nature of the felony. Id. at 966. The court adopted a three prong test, taken from State v. Buggs, 219 Kan. 203, 547 P.2d 720 (Kan.1976), to determine whether the confinement or movement is sufficient to support the charge:
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison at 965.
In Johnson v. State, 509 So.2d 1237 (Fla. 4th DCA 1987), this court upheld a kidnapping conviction where the victim in a convenience store robbery was forced into an unlocked bathroom. In that case shopping carts were placed in front of the door. However, there is little reason to consider barricading a door as any more confining than pointing a gun at a victim and warning him to stay put. Certainly a prudent victim can be expected to pay as much heed to a direct or implied threat to his life as to other methods of securing his confinement.
We conclude that the movement and confinement in this case meets the Faison test. It was not slight, inconsequential or merely incidental to the robbery. The movement was not of the kind inherent in the nature of a robbery. It had significance independent of the robbery by making it easier to commit or substantially lessening the risk of detention. Cf Faison v. State; Johnson v. State; Lamarca v. State, 515 So.2d 309 (Fla. 3d DCA 1987); Sanborn v. State, 513 So.2d 1380 (Fla. 3d DCA 1987); Taylor v. State, 481 So.2d 97 (Fla. 3d DCA 1986); Carter v. State, 468 So.2d 370 (Fla. 1st DCA), rev. denied, 478 So.2d 53 (Fla.1985); Sorey v. State, 419 So.2d 810 (Fla. 3d DCA 1982); Dowdell v. State, 415 So.2d 144 (Fla. 1st DCA 1982), rev. denied, 429 So.2d 5 (Fla.1983); Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980). We recognize a conflict with Chaney v. State, 464 So.2d 1261 (Fla. 1st DCA), rev. denied, 479 So.2d 118 (Fla.1985).
The judgment and sentence in this case are, therefore, affirmed.
DOWNEY and LETTS, JJ., concur.