PER CURIAM.
Angela Parsons appeals the denial of her petition for clarification of sentence, which has been treated as a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. In her petition and initial brief, she points out the inconsistency between the written sentence imposed for circuit court case number 02-CF-11706 (indicating concurrent with case number 03-CF-11337) and that imposed for case number 03-CF-11337 (indicating consecutive to case number 02-CF-11706).
From the denial order, it appears that the posteonviction court considered only the written sentence for case number 03-CF-11337 and did not consider the written sentence for case number 02-CF-11706.
The transcript of the August 20, 2004, sentencing hearing for both cases seems to indicate that the sentences were imposed concurrently. The defense attorney informed the trial court that: “The State and I have agreed on a year and a day Florida State Prison.” After the trial court accepted an admission to a violation of probation for both cases, it orally pronounced the sentence stating: “You’ll be sentenced to a year and a day in a Florida State Prison.”
An inconsistency among the oral pronouncement of sentence and the two written sentences requires a factual resolution by the trial court. See Enchautegui v. State, 749 So.2d 550 (Fla. 2d DCA 2000). Therefore, the order of the trial court must be reversed and remanded with directions for the trial court to clarify the sentences imposed and to enter such corrected sentencing orders as may be appropriate.
Reversed and remanded with directions.
ALTENBERND, C.J., and CASANUEVA and SILBERMAN, JJ., concur.