GRIMES, Acting Chief Judge.
This is an appeal from the summary denial of appellant’s motion for postconviction relief.
Appellant was charged with grand theft, use of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. All three charges were tried together, and the jury convicted appellant as charged. In order to prove pos *800 session of a firearm by a convicted felon, the state introduced evidence of a previous felony conviction.
Appellant raised numerous grounds in his motion for postconviction relief but only one may have merit. Appellant alleged that trial counsel was ineffective for failing to move for a separate trial on the charge of possession of a firearm by a convicted felon. Had such a motion been made, appellant would have been entitled to the severance so as to obviate the prejudice incident to proving the previous felony conviction with respect to the other charges. See State v. Vazquez, 419 So.2d 1088 (Fla.1982); Craft v. State, 441 So.2d 704 (Fla. 2d DCA 1983).
In its written response filed with the trial court, the state asserted that it was a reasonable tactical decision on the part of appellant’s counsel to permit the charges to be tried together. This may well be so, but there is nothing in the record before us which shows conclusively that this is so.
Accordingly, we reverse in part the denial of appellant's motion. On remand, the court may either again summarily deny the motion as to the allegation specified above and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief or hold an evidentiary hearing and then rule on the allegation. Of course, even if the allegation were sustained, the conviction for possession of a firearm by a convicted felon would not be affected because evidence of the prior felony conviction was properly introduced in that case. In the event the trial court again denies the motion, appellant must file a notice of appeal within thirty days to obtain further appellate review.
Affirmed in part, reversed in part, and remanded with directions.
SCHOONOVER and HALL, JJ., concur.