SCHEB, Judge.
Robert Sloan appeals the summary denial of his motion for postconviction relief *728 filed under rule 3.850, Florida Rules of Criminal Procedure. In Sloan v. State, 492 So.2d 799 (Fla. 2d DCA 1986), we remanded this case with directions either to grant Sloan a hearing on his allegation of ineffective assistance of counsel, or to attach sufficient portions of the record to refute the claims made in the motion.
The trial court responded by attaching to its second order a transcript of Sloan’s trial. The transcript reveals that Sloan was charged with grand theft, use of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Although Craft v. State, 441 So.2d 704 (Fla. 2d DCA 1983), would have authorized severance of the latter charge, Sloan’s trial counsel permitted all three charges to be tried together. This decision not to seek a severance was the basis for Sloan’s claim of ineffective representation.
Having examined the record we agree with the trial judge that Sloan’s testimony was essential to his theory of defense, which was that the alleged victim of the theft actually consented to the taking of his property. (Sloan also claimed that he had carried a replica rather than a real firearm because, as a convicted felon, he knew that he could not possess a gun.) Neither cross-examination of the state's witnesses nor the testimony of other defense witnesses provided any colorable basis for argument to the jury that the “theft” was actually a scheme initiated by the victim. As a witness Sloan could have been impeached on the basis of his felony record regardless of whether that same record was needed as substantive proof of a crime. § 90.610, Fla.Stat. (1985). Thus the decision not to sever was a legitimate strategy. On the other hand, without Sloan’s testimony the evidence of guilt would have been so overwhelming that there is no possibility the consolidation of the third charge affected the outcome of the case.
Under the two-prong test enunciated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to establish that counsel was ineffective a defendant must show (1) that counsel made errors so serious that he was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. A review of the record clearly demonstrates that Sloan has failed to meet his burden of showing his counsel was ineffective.
Affirmed.
GRIMES, A.C.J., and SCHOONOVER, J., concur.