LAWSON, J.
 

 Jermaine Moore appeals his two convictions and sentences for resisting an officer without violence, arguing that the dual convictions violate double jeopardy where he fled from two officers in a single episode. With respect to this issue, the State properly concedes error.
 
 See Wallace v. State,
 
 724 So.2d 1176 (Fla.1998). Moore also challenges his habitual felony offender (“HFO”) designation and sentence, arguing that the State did not timely serve its written notice of intent to seek an HFO sentence. With respect to this issue, the prosecutor announced his intent to seek an HFO sentence at the end of the trial, forty-three days before sentencing, in open court with Moore and his counsel present. Because Moore had actual notice of the State’s intent to seek HFO sentencing, and ample time to prepare for sentencing after having received this notice, the State’s failure to timely serve its written notice was harmless.
 
 See Massey v. State,
 
 609 So.2d 598 (Fla.1992).
 
 [1]
 

 Accordingly we remand this matter to the trial court with directions to vacate one of the convictions and sentences. Resen-tencing is not required.
 

 AFFIRMED IN PART; REMANDED WITH DIRECTIONS.
 

 ORFINGER, J., and PLEUS, JR., R., Senior Judge, concur.
 

 [1]
 

 . Although the court in
 
 Massey
 
 was dealing with the 1989 statute, the 2007 version applicable to Moore contains the same language.
 
 See
 
 § 775.084(3)(a)2„ Fla. Stat. (2007).