PER CURIAM.
 

 Jermaine Moore appeals from the denial of his seven-issue motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons explained below, we affirm the denial with respect to all issues except Moore’s first claim.
 

 Moore was convicted following a jury trial of possession of a firearm by a convicted felon, improper display of a weapon, possession of cocaine with intent to sell or deliver (with a weapon), possession of a short-barrel shotgun, two counts of resisting an officer without violence, and possession of drug paraphernalia. He filed a direct appeal, raising only two issues. First, he argued that his conviction on the two resisting counts violated double jeopardy. The State conceded error on this point. Second, he argued that the State provided untimely written notice of its intent to seek HFO sentencing. As to this issue, we found that the failure to timely serve the written notice was harmless because Moore had been given actual notice of the State’s intent to seek HFO sentencing separate and apart from the written notice.
 
 Moore v. State,
 
 12 So.3d 1275 (Fla. 5th DCA 2009). Accordingly, we affirmed all convictions and sentences except for the duplicative resisting count.
 
 Id.
 

 Moore timely filed his 3.850 motion, alleging six grounds for relief, plus a claim of cumulative error. Although the trial court granted a hearing on all six claims, Moore primarily relied upon the transcript of his trial to meet his burden of proof. As an aside, we note that Moore’s trial counsel did not seek to sever the count alleging possession of a firearm by a convicted felon from the remaining charges, and that Moore did not raise this as a ground for relief in his 3.850 motion.
 
 Cf. Brown v. State,
 
 604 So.2d 20 (Fla. 1st DCA 1992);
 
 Sloan v. State,
 
 500 So.2d 727 (Fla. 2d DCA 1987).
 

 As his first issue, Moore claims that his counsel was ineffective for failing to object when the prosecutor displayed documents related to his prior conviction to the jury, despite his agreement to stipulate that he
 
 *549
 
 was a convicted felon. Moore claims prejudice because the documents showed that in addition to being convicted of possession of cocaine in a prior case, Moore had been charged in that case with delivery of cocaine. The trial transcript reflects that the prosecutor displayed the documents on a large screen, using an overhead projector, and explained them in detail to the jury, including the fact that Moore was charged with both delivery of cocaine and possession of cocaine in a prior case, and was convicted of the possession charge. This occurred shortly after the trial judge had confirmed on the record that Moore agreed with his attorney’s decision to stipulate to his status as a convicted felon.
 

 At the evidentiary hearing on Moore’s motion, his prior counsel testified that he and Moore decided as a matter of strategy to concede guilt on a lesser offense of possession of cocaine in this case. He explained that Moore was arrested with the cocaine on his person and that he had no reasonable argument to challenge a charge of simple possession. So, to maintain credibility with the jury, he and Moore agreed they should concede that Moore personally used cocaine, and to argue that the cocaine on his person was for personal use — but to argue against conviction on the other charges (where the State’s evidence was not as strong). Based upon this strategy, counsel and Moore also agreed that even though Moore had stipulated to his status as a convicted felon, they should inform the jury that his prior conviction was for possession of cocaine. Because Moore was admitting his cocaine addiction, they felt that revealing the nature of the prior conviction would help in the defense more than it would hurt. Citing this testimony, the trial court found that counsel’s decision to have the jury informed of the nature of the prior felony was sound trial strategy, and denied relief. However, the trial court failed to address how it would further this strategy to allow the State to tell the jury that Moore had also been previously charged with delivery of cocaine.
 

 Recognizing the “prejudicial effect the evidence of [an] acquitted crime will have in the minds of the jury in deciding whether he committed the crime being tried,” the Florida Supreme Court has generally found it “fundamentally unfair to a defendant to admit evidence of acquitted crimes” in a criminal trial.
 
 State v. Perkins,
 
 349 So.2d 161, 163 (Fla.1977). We see no discernable reason why competent trial counsel would allow the State to place evidence of a prior delivery of cocaine charge before the jury in support of a defense that the defendant was only a consumer of the illicit drug. As such, we find that Moore did establish a deficiency in his counsel’s performance at trial with respect to this claim.
 

 In his second issue, Moore alleged that his counsel was ineffective for having the jury informed of his prior conviction on the charge of possession of cocaine. The trial court properly found that this was a reasonable tactical decision, based on counsel’s testimony at the evidentiary hearing. Accordingly, we affirm as to this issue.
 

 Third, Moore contends that his counsel was ineffective for failing to object and move for a mistrial when the prosecutor appealed to the jury’s “community sensibilities” during closing argument. The comment had to do with the open display of a firearm on a public street, with the prosecutor declaring that: “No parent, no mother, no father, no child should have to drive down any street and see this type of behavior going on. It is extremely offensive and it’s extremely dangerous.” We agree with the trial court that the comment was not so inflammatory that a time
 
 *550
 
 ly motion would have warranted a mistrial, and affirm as to this issue as well.
 

 Similarly, in his fourth issue, Moore claims that his counsel should have objected to another statement during the prosecutor’s closing argument which improperly vouched for the credibility of the State’s law enforcement witnesses. While the prosecutor did call the officers’ version of the facts “true and correct,” he followed almost immediately with a statement that it is the jury’s job to determine “which facts exist, if any,” explaining that: “Facts don’t come from me. Facts come from [the] witness stand.” Taking these statements as a whole, we again find that the trial court properly denied relief on this ground, since an objection would not have warranted a mistrial.
 

 As his fifth basis for relief, Moore claims that his attorney was ineffective for failing to object to two statements by the prosecutor which Moore viewed as improper comments on his right to remain silent. With respect to the first statement, the trial court correctly ruled that the jury would not have viewed the statement, in context, as a comment on the Moore’s right to remain silent. With respect to the second statement, the trial court properly ruled that defense counsel did object to the statement, and thus his performance was not deficient.
 

 Moore has abandoned his sixth claim on appeal, and there is no basis for a claim of cumulative error given that only one ground for relief remains.
 

 With respect to Moore’s first claim, the trial court did not address the prejudice prong of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and we remand with directions that the trial court do so.
 

 AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.
 

 GRIFFIN, TORPY, and LAWSON, JJ., concur.